UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRIAN KILLION,

        Plaintiff,

v.

GERALDINE COHEN, et al.,

        Defendants.

Civ. No. 16-5356 (RBK) (JS)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Plaintiff is incarcerated at the New Jersey State Prison in Trenton, New Jersey. However, he was previously detained at the Atlantic County Justice Facility from 2011 to 2014. He initially brought this civil rights action in the Superior Court of New Jersey, Law Division, Atlantic County. Subsequently, this matter was removed to this Court by the defendants. Presently before this Court is defendants' motion to dismiss the complaint for failure to state a claim and plaintiff's motion to file an amended complaint. For the following reasons, defendants' motion to dismiss will be granted and plaintiff's motion to amend will be denied. Plaintiff shall be given time to file a proposed second amended complaint should he elect to do so.

## II.    BACKGROUND

Plaintiff's complaint filed in state court[1] named the following as defendants: (1) Atlantic County Justice Facility; (2) Geraldine Cohen, Warden; (3) Brian McNew; and (4) Yvonne Hickman. The allegations of the removed complaint are as follows:

---

[1] It appears that plaintiff filed a original complaint in state court in March, 2016, and an amended complaint in state court a few weeks later. (*Compare* Dkt. No. 1 at p.7 *with* Dkt. No. 1 at p.5) For purposes of this opinion, this Court will examine the more recent state filed complaint that was removed.

On or about April 1, 2014, Atlantic County Justice Facility;
Geraldine Doe, Brian McNew and Yvonne Hickman, Defendants

>A. Failed to obtain an N.J.A.C. 10A:31 rule exemption permitting above named facility to deny direct personal access to the Inmate Law Library.
>B. Provided little to no access to legal research material.
>C. Failed to provide any legal assistance for the filing of meaningful legal papers.
>D. Failed to comply with N.J.A.C. 10A:31-14 and 10A:31-15.1 et seq.

(Dkt. No. 1 at p.5) Plaintiff states that defendants delayed the preparation of his legal materials. He requests monetary damages.

On September 1, 2016, defendants removed this case from state to federal court. On September 8, 2016, defendants filed a motion to dismiss the complaint for failure to state a claim. In filings dated October 7, 2016 and October 8, 2016, plaintiff requested additional time to respond to the motion to dismiss. (*See* Dkt. Nos. 3 & 4) Ultimately, plaintiff was given until December 8, 2016 in which to file a response to the motion to dismiss.

Subsequently, in documents dated December 8, 2016, plaintiff filed a response in opposition to the motion to dismiss (*see* Dkt. No. 8) as well as a motion to amend the complaint. (*See* Dkt. No. 9) Defendants then filed a reply in support of their motion to dismiss (*see* Dkt. No. 11) as well as a response in opposition to the motion to amend. (*See* Dkt. No. 10) Thereafter, plaintiff filed a reply brief in support of his motion to amend. (*See* Dkt. No. 14)

### III.     STANDARDS OF REVIEW

A. Motion to Dismiss Pursuant to Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *See Hedges v. United States*, 404 F.3d

744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Worth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court *Twombly case, infra*).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his "entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

Where, as here, plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, it must meet some minimal standard. "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly*

3

and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

B. <u>Motion to Amend</u>

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." However, a motion to amend the complaint may be denied where there is undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.[2] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citation omitted). "In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (citations omitted).

---

[2] Rule 15(a)(1)(B) permits a party to amend its pleading once as a matter of course "if the pleading is one to which the responsive pleading is required, 21 days after service of a responsive pleading or *21 days after service of a motion under Rule 12(b)*, (e) or (f), whichever is earlier" FED. R. CIV. P. 15(a)(1)(B) (emphasis added). Comparatively, Rule 15(a)(2) states that "in all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Defendants filed their motion to dismiss on September 8, 2016. (*See* Dkt. No. 2) Plaintiff did not file his motion to amend until December 15, 2016. (*See* Dkt. No. 9) While it is true that plaintiff sought and received two extensions of time to file a response to the motion to dismiss, these extensions did not act to extend the time for plaintiff to amend his complaint without leave of court under Rule 15(a)(1)(B). Plaintiff did not request an extension of the twenty-one day period in Rule 15(a)(1)(B), and this Court did not otherwise extend that period when granting plaintiff's requests to respond to the motion to dismiss. *See Harrington v. City of Attleboro*, 172 F. Supp. 3d 337, 351 (D. Mass. 2016) (citing *Hayes v. D.C.*, 275 F.R.D. 343, 345 (D.D.C. 2011)). Therefore, the motion to amend will be analyzed under Rule 15(a)(2).

## IV.   DISCUSSION

A. Motion to Dismiss

Plaintiff raises an access to court claim in his removed complaint. "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit." *Id.* (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Thus, to satisfy the requisite pleading requirements, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id.* at 205-06 (footnote omitted) (citing *Christopher*, 536 U.S. at 416-17). Conclusory allegations that an inmate suffered prejudice will not support an access-to-courts claim. *Duran v. Merline*, 923 F. Supp. 2d 702, 723 (D.N.J. 2013) (citing *Arce v. Walker*, 58 F.Supp.2d 39, 44 (W.D.N.Y. 1999) (internal citations omitted)). Furthermore, it is worth noting that an access to courts claim even for a non-prisoner such as a pretrial detainee will be subject to dismissal where "the Court [is] left to guess whether the suit had any merit." *Sanders v. Rose*, 576 F. App'x 91, 94 (3d Cir. 2014) (citing *Christopher*, 536 U.S. at 416). This is important to note as it appears as if plaintiff may have been a pretrial detainee during some or all of the relevant period of time.

Plaintiff fails to state an access to courts claim because he does not allege actual injury. Indeed, he fails to plead with the required specificity the nonfrivolous or arguable underlying claims that he was prevented from bringing. Instead, his removed complaint is conclusory and

insufficient to state a federal access to courts claim as this Court is left to guess whether his claims had any merit. *See Sanders*, 576 F. App'x at 94.

There are now no more federal claims remaining from the removed complaint as plaintiff failed to state a federal access to courts claim. Thus, the remaining potential basis for plaintiff's state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, when a court has dismissed all claims over which it had federal question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. *See id.* § 1367(c)(3). Because plaintiff's federal claims against the defendants no longer remain, this Court will exercise its discretion to decline supplemental jurisdiction over plaintiff's state law claims in his removed complaint.

B. <u>Motion to Amend</u>

Plaintiff's proposed amended complaint in his motion to amend names the following as defendants: (1) Atlantic County; (2) Atlantic County Justice Facility; (3) Geraldine Cohen; (4) Brian McNew – Law Library Represenative; and (5) Yvonne Hickman – Clerk. Plaintiff states that from June, 2011 until April 2, 2014 he was detained at the Atlantic County Justice Facility. According to plaintiff, he:

> made several requests to defendant Justice Facility [to] provide him with specific legal authorities, and was denied pursuant to its policy, prevailing practice or procedure of only providing prisoners with legal authorities directly related to the offense they are currently being detained on and a 50 page per week limit on the amount of legal materials defendant Justice Facility would provide him with.

(Dkt. No. 9-1 at p.3) In terms of actual injury, plaintiff alleges that:

> [i]n 2014, [he] submitted a motion for new trial based on newly discovered evidence. Because this did not involve the criminal charges plaintiff was detained on, defendants wouldn't retrieve the

6

> legal authorities to support position, therefore his motion was
> inadequate and subsequently dismissed.

(*Id.* at p.6) Plaintiff alleges that his First and Fourteenth Amendment rights were violated as he was denied meaningful access to the courts. He further alleges that the defendants denied him access to the courts by failing to hire persons skilled in legal research or studies to service the legal needs of pretrial detainees as well as failed to adequately train McNew. Plaintiff requests monetary damages in his proposed amended complaint.

Defendants oppose the motion to amend the complaint. Defendants argue that plaintiff's amended complaint is barred by the statute of limitations. They state that plaintiff did not file his complaint with the state court until March, 2016.[3] Anything occurring prior to March 16, 2014 would be outside the applicable statute of limitations according to defendants.

Section 1983 claims are subject to New Jersey's two-year personal injury tort statute of limitations. *See* N.J. STAT. ANN. § 2A:14-2(a). *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)). As previously described, plaintiff states that he lost a litigation opportunity in 2014 with respect to when he submitted a motion for a new trial based on newly discovered evidence. While plaintiff does not give the precise date or even month of this discreet event, this Court cannot determine on the face of the proposed amended complaint whether it would be deemed to be within the applicable statute of limitations. Therefore, out of the abundance of caution, this Court will not deny the motion to amend the complaint based on timeliness grounds as argued by defendants.

---

[3] Defendants state that plaintiff filed his original complaint on March 16, 2016. However, it is dated March 10, 2016. (*See* Dkt. No. 1 at p.7) Nevertheless, as this Court is denying the motion to amend on different grounds, the issue of when plaintiff is deemed to have "filed" his original complaint on the date it was dated as opposed to the date it was received by the state court need not be decided.

However, bypassing the statute of limitations issue does not end this Court's inquiry with respect to analyzing the proposed amended complaint. Instead, this Court must screen the proposed amended complaint pursuant to 28 U.S.C. § 1915A. Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Iqbal*, 556 U.S. 662 and *Twombly*, 550 U.S. 544, as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's access to courts claims in his proposed amended complaint suffer from a similar defect as did his removed complaint. More specifically, plaintiff fails to state an access to courts claim because he does not allege actual injury. Indeed, he fails to plead with the required specificity the nonfrivolous or arguable underlying claims that he was prevented from bringing as a result of this purported denial of access to courts. Therefore, the motion to amend the complaint is futile as he fails to state a federal access to courts claim.

It is not clear whether plaintiff is seeking to raise state law claims in his proposed amended complaint. Nonetheless, even if plaintiff were seeking to bring state law claims in his proposed amended complaint, this Court would decline to exercise supplemental jurisdiction over them because he failed to state a federal claim. *See* 28 U.S.C. § 1367(c)(3). Therefore, plaintiff's motion to amend will be denied.

While this Court is dismissing plaintiff's removed complaint and denying his motion to amend, plaintiff shall be given leave to file second amended complaint that attempts to correct the deficiencies outlined in this opinion.

## V. CONCLUSION

For the foregoing reasons, defendants motion to dismiss the complaint is granted. Plaintiff's motion to amend his complaint is denied. Plaintiff shall be given thirty days in which to submit a second amended complaint that corrects the deficiencies of his removed complaint and proposed amended complaint described in this opinion. An appropriate order will be entered.

DATED: June 2, 2017

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge